RAISBECK, Respondent, vs. ANTHONY and another, Appellants.

*November 13 — December 3, 1889.*

*Mines and mining: License construed: Measurement of distance: Findings: Evidence.*

1. It having been found that the right of licensees to work a certain mineral range was limited, by an agreement, to a point 300 yards west of a certain fence, and the starting point for measurement being fixed as the intersection of the range and fence, it was properly held that said distance should be measured *along the range,* although the general course thereof was southwesterly and not due west; and judgment was properly rendered accordingly, without any additional finding to that effect.

2. The evidence in this case is *held* to show that the licensees had worked the range to the limit so fixed.

APPEAL from the Circuit Court for *La Fayette* County.

Action to restrain the defendants from mining upon land belonging to the plaintiff. The cause was before this court on a former appeal, and is reported in 73 Wis. 572. On the filing of the *remittitur* in the court below the plaintiff moved for judgment in accordance with the mandate of this court. Before the judgment was signed, the defendants moved the court "to find, fix, and determine by its findings and judgment herein, the 300 yards limit from the rock fence mentioned in the complaint, so that the same can be definitely and accurately found and known by the parties and all persons who are or may become interested in the premises in dispute." The motion was denied, and judgment was entered, by which it was ordered and decreed that the defendants "refrain and desist from entering upon for any purpose or in any manner the real estate of the plaintiff described as follows, situate in La Fayette county, Wisconsin, to wit, That portion of the east half of the southwest quarter of section 21 in town 2 north, range 1

east of the fourth principal meridian, lying west of a point in .what is known as the ' Dixon and Anthony ' range of blackjack, drybone, and lead minerals, running in a northeast and southwest course and entering upon the said eighty-acre tract of land at the east side thereof a short distance north of the center of said east side, which point is nine hundred feet measured upon said range southwesterly from the point of intersection of said range with a certain stone fence which is the west boundary line of a certain highway running," etc. The judgment further states that the plaintiff thereby expressly waives any claim against the defendants for minerals taken by them from the land described.

Afterwards, before the expiration of ten days after service upon their attorneys of notice of the entry of said judgment, the defendants filed exceptions to the findings of fact theretofore found and filed by the court. These exceptions are to several parts of the findings in which it is stated that the action was commenced to restrain the defendants from working the range beyond a point 300 yards west of the rock fence, and that the defendants had already worked the range up to that point. The defendants also. excepted to the refusal of the court, at the time of rendering judgment, to find, fix, and determine, by its findings and judgment, the 300 yards limit from the rock fence.

The defendants appeal from the judgment.

For the appellants there was a brief by *Bushnell & Watkins*, attorneys, and a supplemental brief by *W. E. Carter*, of counsel, and the cause was argued orally by *A. R. Bushnell* and *W. E. Carter*. They contended, *inter alia:* 1. The finding of the court below that the defendants had reached the 300 yards point from the rock fence is not *res judicata*. That finding when made was immaterial, and there was no reason for the defendants excepting to it, before the reversal. Having been made material by the reversal, the defendants had the right to except to it when they did.

2. The court below, on receiving the *remittitur*, had the right to fix and determine the exact whereabouts of the 300 yards limit. This further finding was obviously necessary to finally determine the controversy, and it is intimated in *Tipping v. Robbins*, 71 Wis. 507, that in such case the court might make the finding. 3. This 300 yards limit might be fixed in either one of three ways: (1) By making it the westerly boundary of a strip of ground in the field, three hundred yards wide along the westerly side of the rock fence. (2) By measuring it anglingly, from shaft to shaft, along the range, 300 yards from the rock fence. (3) By measuring in a straight line along the general course of the range, 300 yards from the rock fence. The first of these methods should have been adopted by the court, because that was the way in which the limitation was fixed by the parties at the time of their agreement.

For the respondent there was a brief by *Orton & Osborn*, and oral argument by *P. A. Orton*.

COLE, C. J. Some interesting questions of practice were raised and discussed on the argument of this cause, but we shall not consider them, because our views are adverse to the claims of the defendants, after giving them the benefit of all exceptions taken to the original findings of the trial court of which they now seek to avail themselves. It is desirable that this litigation should come to an end, since the cause has been fully tried upon the merits and the rights of the parties conclusively determined. The judgment of the circuit court conforms to the mandate of this court, and is correct. The *remittitur* of this court was that the cause should be remanded with directions to the circuit court to give judgment for the plaintiff granting a perpetual injunction as prayed, and awarding him compensation for the mineral taken by the defendants from the crevice west of the 300 yards point, and appropriated to their own use. 73

Wis. 588.    The plaintiff waived all claim for compensation for the mineral taken, as he had the undoubted right to do, and took judgment only for a perpetual injunction in accordance with the *remittitur*.    Now, it is objected that the court below should have granted the defendant's motion, and should have found, fixed, and determined, by its findings and judgment, the 300 yards limit from the rock fence, mentioned in the complaint, so that the same could be definitely and accurately found and known by the parties, and by all persons who might become interested in the premises.    This court did not direct the court below to open the case and take further evidence, nor to make any new or additional findings of fact.    It had considered the case upon the evidence presented, and fully concurred in the view of the circuit court that the negotiations as to working the range west of the stone fence resulted in an agreement limiting the right of the licensees to mine and work the range to a point 300 yards west of the stone fence, and no further. There was no necessity for any further trial to determine the rights of the parties.

But it is said that this leaves the 300-yards limit from the rock fence uncertain and undetermined, because it is not clear how or from what point at the rock fence the measurement is to be made.    There is no difficulty, as it seems to us, in ascertaining the point of commencement at the rock fence, and how the measurement should be made, if the pleadings and evidence are considered.    In the complaint the plaintiff alleged that he was the owner in fee-simple and was in the exclusive possession of that portion of the eighty-acre tract which was west of the point in what was known as the "Dixon and Anthony Range," "which point is nine hundred (900) feet, measured on the said range, southwesterly from the point of the intersection of the range with a certain stone fence, which was the west boundary line of the highway named."    It was alleged that the defendants

had no right or license to follow and work the range on the plaintiff's land west of that limit; but they had done so, and claimed the right to follow the range wherever it should run on the plaintiff's land. Now, the answer practically admits these allegations to be true, with a qualification that the defendants had the right to work and follow the range wherever it might run on the plaintiff's land, and that they were not trespassers in so doing. This, of course, clearly fixes the point of commencement of the measurement at the stone fence where the range intersects it, and the measurement is then to be made upon the range in a southwesterly direction, that being the general course of the range, until the 300-yards limit is reached, which is the extent of the defendants' right to follow the range. The maxim applies, *id certum est quod certum reddi potest,*— that is sufficiently certain which can be made certain. It is idle to say, the starting point at the fence being given, that the limit could not be certainly ascertained by measuring upon the range to the 300-yards point. But it is suggested that a different mode of measurement may be adopted, which changes the point at the western limit. In our view the correct measurement should be made along the range, or thread of the range, as the plaintiff's counsel suggested, to the terminal point on the west.

We cannot concur in the view of defendants' counsel, that the testimony shows that the 300-yards point might be fixed in some other way. That argument is based upon the assumption that the word " west " from the fence means due west, whereas the testimony, to our minds, shows that it refers to the general direction of the range, which was a westerly course; and it is perfectly plain that the right conferred or granted was to work the range in its course west for 300 yards from the fence. It was the right to follow and work the Dickson and Anthony range west of the fence that the parties negotiated about and contracted for,

and the extent of the right must be ascertained by measuring from the initial point along the range west, until the 300-yards limit is reached. Any other mode of measurement would be, we think, unwarranted, and contrary to the evidence as we understand it.

Now as to the question as to whether the evidence showed that the defendants had worked the range west to the 300-yard limit when the action was commenced. That point, we think, is conclusively settled in the affirmative. The court below so found, and this finding is sustained by the overwhelming weight of testimony. It is said that this point was not much litigated on the trial, and it may not have been. The answer, however, fairly admits that this limit had been reached, but the admission is coupled with the claim of right to work the range wherever it should run on the plaintiff's land. But the fact that the limit had been reached is abundantly established. The defendant *John Anthony* fully described in his testimony the appearance and condition of the sheet of mineral at the 300-yard point. He says: "The sheet is principally black-jack, dry-bone, and lead ore, and is from eight to eighteen inches in thickness, and some loose pieces. Its width is from seventy-five to one hundred feet. Four men will take out about two tons of black-jack in a day, on an average. This is the condition at the 300-yard point." Without referring to any other testimony, as we might do, to sustain our conclusion, suffice it to say that the proof is ample, clear, and precise that the limit had been reached, and the claim now made that it had not been worked to the limit seems to be an afterthought. On the former appeal this court was entirely satisfied with the finding of the court below on that question, and there can be no doubt that the range has been worked to the limit on the west. The testimony of the defendant *John Anthony* alone is conclusive, were there nothing else in the case to establish the fact. How could he

describe the character of the mineral and the condition of the mineral sheet at the 300-yard point, if the range had not been worked to that limit? In the face of such testimony given by one of the defendants, it is an impeachment of the intelligence of the court to claim that the range had not been worked to the 300-yard limit when the action was commenced, or that this limit was not known and had not been determined. But as the proofs show that the range has been worked to a point west of the fence, beyond which the defendants have no right to mine, a perpetual injunction restraining them from entering upon the range west of the limit and mining, was proper and right.

*By the Court.*— The judgment of the circuit court is affirmed.